Copy mailed by chambers 2/14/22 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JESUS FERNANDEZ, :
               Plaintiff, :
v. : **OPINION AND ORDER**
:
SUPERINTENDENT, Downstate Correctional : 20 CV 10287 (VB)
Facility; and MARIA BADAMI, Physician's :
Assistant, :
               Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Jesus Fernandez, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against Downstate Correctional Facility ("Downstate") Superintendent ("Supt.") Robert Morton, as well as Downstate Physician's Assistant ("P.A.") Maria Badami. Liberally construed, the amended complaint asserts claims for violations of plaintiff's First, Fourth, and Eighth Amendment rights.

    Now pending is Supt. Morton's motion to dismiss pursuant to Rule 12(b)(6). (Doc. #24).[1]

    For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The docket indicates that as of the date of this Opinion and Order, P.A. Badami has not yet been served, nor has any attorney filed a notice of appearance on behalf of P.A. Badami. Accordingly, to the extent Supt. Morton moves to dismiss plaintiff's claims against P.A. Badami, that motion is denied without prejudice.

1

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint (Doc. #5 ("AC"))[2] and draws all reasonable inferences in plaintiff's favor as summarized below.

At all relevant times, plaintiff, who alleges he is a practicing Muslim, was detained at Downstate.

Plaintiff alleges that as part of the reception process at Downstate, he was escorted to a medical examination room with a "curtain" for a door, where he was instructed to strip down to his underwear and socks. (See AC at ECF 5). Plaintiff further alleges that, with the curtain open and in plain view and earshot of passing staff members, P.A. Badami performed a medical examination of plaintiff comprising (i) a physical inspection of plaintiff's eyes, ears, throat, chest, and testicles, and (ii) an oral review of plaintiff's medical history. P.A. Badami allegedly refused plaintiff's request for a male physician to perform the examination, despite his protests that a physical examination by a member of the opposite sex violated his Muslim beliefs.

According to plaintiff, Supt. Morton, for his part, "was aware of the constitutional violations occurring in the intake area" because he received "multiple [unspecified] grievances"

---

[2] In his opposition to Supt. Morton's motion to dismiss, plaintiff makes additional allegations to support his claim. (See Doc. #28 ("Pl. Opp.") at ECF 1–2). Because plaintiff is proceeding pro se, the Court will consider the additional allegations in plaintiff's opposition. See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

"ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

about the medical examinations, "had the final word on said grievances," and yet "failed to do anything to remedy the problems" evidenced by those grievances.  (Pl. Opp. at ECF 1).

## DISCUSSION

I.   <u>Legal Standard</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint according to the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).[3]  First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id</u>. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556).

The Court must liberally construe submissions of a <u>pro se</u> litigant and interpret them "to raise the strongest arguments that they <u>suggest</u>."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d

---

[3]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Constitutional Claims

Supt. Morton argues plaintiff's claims against him must be dismissed because plaintiff fails adequately to plead Morton's personal involvement in any violation of plaintiff's constitutional rights.

The Court agrees.

A.      Personal Involvement

To adequately plead a Section 1983 claim, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  To establish a defendant's liability, a plaintiff must show "the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).  "Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" Swinson v. City of New York, 2022 WL 142407, at *4 (S.D.N.Y. Jan. 14, 2022) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)).

A defendant's position as a supervisor does not impute personal involvement to that individual—liability under Section 1983 requires that the "defendant, through the official's own individual actions, has violated the Constitution." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d

Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. at 676). Accordingly, a plaintiff must plead "the elements of [each] underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Id. at 620. And "'the factors necessary to establish a [Section 1983] violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary." Id. at 618 (quoting Ashcroft v. Iqbal, 556 U.S. at 676).

  B.  Underlying Constitutional Claims

Liberally construed, the amended complaint pleads violations of plaintiff's rights under the First, Fourth, and Eighth Amendments.

An inmate asserting a claim under the Free Exercise Clause of the First Amendment must allege that the practice asserted is religious and the belief is sincerely held; the challenged conduct infringes upon the inmate's religious belief; and the challenged practice does not further a legitimate penological objective. Farid v. Smith, 850 F.2d 917, 926 (2d Cir. 1988).

Similarly, an inmate asserting a claim under the Fourth Amendment for invasion of privacy must allege that the challenged conduct is "unrelated to any legitimate penological goal or . . . designed to intimidate, harass, or punish." Holland v. City of New York, 197 F. Supp. 3d 529, 542–43 (S.D.N.Y. 2016).

Finally, "for deliberate-indifference claims under the Eighth Amendment against a prison supervisor, the plaintiff must plead . . . that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." Tangreti v. Bachman, 983 F.3d at 616.

C. <u>Analysis</u>

Here, even a liberal reading of the amended complaint fails to implicate Supt. Morton in any of the elements of any of the constitutional violations discussed above.

Liberally construed, each of the alleged constitutional violations squarely arises out of the medical examination performed by P.A. Badami. First, plaintiff alleges Badami's examination of plaintiff with his clothes off infringed upon his sincerely held Islamic belief that men should not reveal their genitals to members of the opposite sex, in violation of the Free Exercise Clause of the First Amendment. Second, plaintiff appears to plead Badami's examination of plaintiff without his consent and her review of plaintiff's medical history within earshot of others constituted an improper invasion of his right to privacy protected by the Fourth Amendment. Third, plaintiff alleges that subjecting him to such an examination in violation of his religious beliefs and in plain view of others constituted cruel and unusual punishment under the Eighth Amendment.

However, even assuming plaintiff adequately pleads such constitutional violations as to P.A. Badami,[4] plaintiff fails to supply <u>any</u> facts permitting the inference that Supt. Morton was directly involved in or even aware of P.A. Badami's medical examination. For example, plaintiff does not allege Supt. Morton made any individualized decisions regarding plaintiff's medical examination, nor does plaintiff allege Supt. Morton ordered P.A. Badami to perform the examination.

At most, plaintiff alleges Supt. Morton was made aware of the purportedly constitutionally deficient medical examinations that took place during the intake process at

---

[4] To be clear, the Court is not finding that plaintiff has adequately pleaded any constitutional violations as to P.A. Badami.

Downstate due to the "multiple grievances" that were filed regarding "this issue," and then failed to take any corrective actions. (Pl. Opp. at ECF 1). But even assuming these unspecified grievances complained of the same type of constitutional violations suffered by plaintiff, and that Supt. Morton indeed reviewed and ignored such grievances, Morton's "mere knowledge" of his subordinates' alleged unconstitutional behavior is insufficient to adequately plead a Section 1983 violation. See Tangreti v. Bachman, 983 F.3d at 616 (supervisor's "gross negligence" in supervision of correction officers at correctional facility failed to show supervisor was deliberately indifferent to conditions of confinement under the Eighth Amendment). Moreover, Supt. Morton's failure to act on prior complaints regarding the medical examinations, denial of appeals of any grievances regarding the issue, or his simply "being in the chain of command" at a prison is not enough to plead personal involvement. See, e.g., Smart v. Annucci, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021).

Accordingly, plaintiff's Section 1983 claims against Supt. Morton must be dismissed.[5]

III.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [pro se complaints] without granting leave to amend at least

---

[5] To the extent plaintiff brings claims against Supt. Morton in his official capacity as superintendent, those claims are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). Here, plaintiff only asserts claims against Supt. Morton for damages. Accordingly, plaintiff's claims against Supt. Morton in his official capacity must be dismissed.

once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). But "a futile request to replead should be denied." Id.

Here, the amended complaint, even liberally construed, does not contain allegations suggesting plaintiff has a claim against Supt. Morton that he has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. On the contrary, the Court finds repleading would be futile because the problems with plaintiff's claims against Supt. Morton are "substantive," such that "better pleading will not cure [them]." Id.

Accordingly, the Court declines to grant plaintiff leave to file a second amended complaint respecting his claims against Supt. Morton.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

All claims against defendant Superintendent Robert Morton are dismissed, and the Clerk is instructed to terminate Supt. Morton from this action.

The motion to dismiss as to defendant Physician's Assistant Maria Badami is DENIED WITHOUT PREJUDICE. By February 28, 2022, the Attorney General's Office, which has appeared on behalf of Supt. Morton, shall advise the Court by letter whether it will accept service of process on behalf of P.A. Badami.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion. (Doc. #24).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: February 14, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge